## MORAN and WHITE v. CELESTE TANNER.

The defendant should be allowed to file an answer pleading the general denial even after the plaintiff has moved to confirm a judgment by default, if it produces no delay in the trial of the cause. C. P. 314.

APPEAL from the District Court of Terrebonne, *Randall*, J. *J. C.* and *A. Beatty*, for plaintiffs. *J. L. Cole*, for defendant. The judgment of the court was pronounced by

EUSTIS, C. J. It appears by the certificate of the district judge, that the plaintiffs having taken a judgment by default against the defendant, the case was

taken up; and the plaintiffs having introduced a portion of their evidence to confirm the judgment, the defendant's attorney then appeared and offered to file an answer, which was objected to by the counsel for the plaintiffs, as coming too late. The district judge sustained the objection, and refused to permit the defendant's answer to be filed, and proceeded to confirm the judgment by default.

The defendant took his bill of exceptions, and has appealed from the judgment rendered against him. The article 314 of the Code of Practice provides, that if the defendant, on the very day when a definitive judgment was to have been rendered against him, appears and files his answer, the first judgment taken shall be set aside.

We think that, as the defendant did not ask for any delay in the trial of the cause, and, in fact, merely pleaded the general issue, the judge ought to have permitted the answer to be filed. No injury could have been worked to the plaintiffs by the cause having been put at issue by the defence. The article of the code seems to us, under the circumstances, to have been obligatory on the court.

The judgment of the district court is therefore reversed, and the case remanded for further proceedings; the appellee paying the costs of this appeal.